EDWARDS MOTOR TRANSIT CO., INC., Plaintiff, *v.* ARTHUR W. WALLANDER, as Commissioner of Police of the City of New York, Defendant.

Supreme Court, Special Term, New York County, November 21, 1945.

*Clarence E. Horn, Jr.,* and *Martin J. Kelly, Jr.,* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Harry Hollander* of counsel), for defendant.

HOFSTADTER, J. Plaintiff seeks a temporary injunction restraining the Police Commissioner from prohibiting the operation by plaintiff of its buses over the city streets of the borough of Manhattan, necessary to offer a reasonably direct route between the Holland Tunnel and a bus depot on the north side of 41st Street between Seventh and Eighth Avenues; and for an order authorizing plaintiff to operate its buses over that route until such time as the former terminal facilities of plaintiff in New York City are available for use.

On March 7, 1945, the Police Commissioner approved plaintiff's application for the designation of bus routes within the city to and from two Greyhound Bus terminals. Plaintiff used those two terminals up to November 1, 1945, when the employees of the Greyhound Bus Lines went out on strike. The operators of plaintiff's buses, being members of the same union as the employees of the Greyhound Bus Lines, have refused to drive their buses through picket lines established by the striking employees of the Greyhound Bus Lines.

As a result of the strike, and in order to insure continuance of bus service from and into the city of New York, the municipal authorities established a temporary terminal to be used by plaintiff and others during the emergency caused by the strike. A large tent has been constructed on West 41st Street and Dyer Avenue for such purpose. Plaintiff wishes to use the terminal facilities of another bus line on West 41st Street

between Seventh and Eighth Avenues, which have been offered to it, but the Police Commissioner has refused authority for such use.

Plaintiff fails to establish its right to a temporary injunction. Ordinarily, a court of equity will not interfere with the discretion of public officials in the performance of their duties unless illegality or bad faith is demonstrated. In furnishing a temporary terminal, the city authorities were attempting to meet an emergency situation until the strike was settled. Problems of traffic congestion on West 41st Street were considered by the Police Commissioner, and in exercising his discretion he has determined that the use of a bus terminal on 41st Street between Seventh and Eighth Avenues by plaintiff would be detrimental to the public interest, and would impede his efforts to remedy present congested traffic conditions. The Police Commissioner is empowered with the right to regulate and control traffic. Where, as here, it appears that he has not exercised that power arbitrarily or unreasonably, the courts will not interfere with his judgment. The situation in which plaintiff finds itself was not created through any act or fault of the Police Commissioner. The public interest, as determined by the official charged with its protection in the premises, outweighs any pecuniary loss which plaintiff may suffer as a result of the emergency caused by the strike.

In view of the court's conclusion not to interfere with the discretion of the Police Commissioner, it is unnecessary to consider whether plaintiff has misconstrued its remedy and should have proceeded under article 78 of the Civil Practice Act, after the refusal to grant an application for written approval for a change of route.

The motion for a temporary injunction is denied. Settle order.